*Cates & Lindsey* for Bank: *Owsley & Goodloe* for defendant.

## Hawn and wife *vs* Smith.

APPEAL FROM THE KNOX CIRCUIT.

*Slander. Words actionable.*

CASE.

*Case* 74.

JUDGE MARSHALL delivered the opinion of the Court.

IN this action of slander by *Sarah Smith* vs *Hawn and wife*, for words spoken by the latter, importing a charge that the plaintiff had stolen her "wool filling," the plaintiff proved by a witness, that in February previous, he heard Mrs. Hawn say "that uncle Jimmy Smith's girls had stolen her wool filling; that she had sent her filling to them at their own house, to weave into coverlets, and when the coverlets were brought home she weighed them and found that they weighed nine pounds less than they ought to have weighed if all the filling had been put in them; that some time after the coverlets had been wove, the plaintiff, Sarah, had staid all night at her house, and that she saw her petticoat, that it was blue, and she could swear it was made out of some of the filling she had sent to uncle Jimmy's girls to have wove into coverlets." It was proved by the same witness, that the plaintiff was one of uncle Jimmy Smith's daughters, and that he had two others, all of whom were weavers. This being all of the evidence, the defendant moved the Court for a nonsuit, on the ground that the words spoken, as explained, did not contain a charge of felony; which being re-

*April* 13.

Case stated.

Where words otherwise slanderous, are explained at the time of speaking them, with a statement of such facts as show that no felony could have been committed, are not actionable.

fused, a verdict and judgment was rendered against the defendants for $25, from which they have appealed.

It seems to this Court that the instruction to find as in case of a nonsuit should have been given. The very case of yarn or thread sent by the owner out of his house to a weaver to be woven is put as one in which, in consequence of the weaver having a lawful possession, delivered to him by the owner, his subsequent embezzlement of the yarn is not a felony but only a breach of trust: (*East's Crown Law*, 682; *Hawk. Pl. Cr. Ch. 3,* §3;) and it is expressly distinguished from the case in which yarn or silk is delivered by the owner to weavers in his own house, to be woven; in which case, as the owner still retains the possession, the embezzlement by the weavers may be a felony. The same distinction is recognized in the opinion of this Court in the case of

To charge a weaver with stealing filling sent to the house of the weaver, to be woven into cloth, is not actionable.

*Gill* vs *Bright*, (6 *Monroe*, 131.) And as upon the facts stated by Mrs. Hawn, in explanation and proof of her charge against the plaintiff, and at the same time, there was not and could not have been a felony committed by the embezzlement of the filling, after it was sent to Smith's house; and as such embezzlement, not amounting to felony, was not punishable as a criminal or penal offence, and no special damage is alledged in the declaration, the action could not be maintained upon the evidence.

Wherefore, the judgment is reversed and the cause remanded for a new trial, in conformity with this opinion.

*F. Ballinger* for appellants: *B. & A. Monroe* for appellees.